95   545
d142   54

PATRICK MCNAMARA v. THE MINNEAPOLIS, ST. PAUL &
SAULT STE. MARIE RAILWAY COMPANY.

*Highways—User—Abandonment—Fencing by railroad companies.*

An unrecorded road, laid out and constructed by a township, and
actually used for eight years, becomes a public highway, under
How. Stat. § 1315; and its non-user for two years, in the absence
of any proceedings to discontinue it, will not ,entitle a railroad
company to exclude the public by fencing in its right of way
at that point.

Error to Schoolcraft.    (Steere, J.)    Argued April 28,
1893.   Decided May 31, 1893.

Case.   Defendant brings error.   Reversed.   The facts are
stated in the opinion.

*Royce & Waite,* for appellant.

*C. W. Dunton (McMahon, Oren & Snell,* of counsel), for
plaintiff.

McGRATH, J.    Plaintiff brought suit in justice's court
for the value of a cow struck by one of defendant's
trains in June, 1891.   The declaration alleged that the
cow was killed "through the negligence of said railroad
company, and because the said track was not there fenced,
and because the proper signals were not given, and because
of the great speed of said engine and train."

The cow was killed at a point which was fenced off as
a highway.   When defendant built its road, in 1887, it
constructed the proper cattle-guards and fences on each
side of said way.   Defendant's counsel announced his
inability to prove by record evidence the laying out of
the highway, but it was shown that in 1881 a petition for

laying out the road had been gotten up, and presented to the highway commissioner; that the road was on the section line; that it was laid out by the highway commissioner; that the contract for its construction was actually made, and the work done; that the township paid $377 for such work; that the road was known as the "Jamestown Road," and led to the Jamestown steam saw-mill; and that the highway was used as such for some years after it was laid out. This testimony was not disputed, nor was it claimed that there had been any discontinuance, by any proper proceedings, of the highway, but it was insisted that its use had been abandoned for some time past. It was shown, however, that it had been used as late as the summer of 1889, and that each year the spring freshets had washed away the planking of the bridge in such highway; that each year the planks had been replaced; and that the last time that the planks had been washed away was in the spring of 1891. Plaintiff was not the original owner of any of the land in said highway, nor was he at the time an abutting owner.

In view of this state of facts, defendant was entitled to an instruction that, for the purpose of this case, the point at which the cow was killed must be deemed a public highway. How. Stat. § 1315, provides that—

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been, or which may hereafter be, laid out, and not recorded, and which shall have been used eight years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act."

There had been no use of the land inconsistent with its use as a highway. The road having been laid out and

constructed by the township, and actually used for at least eight years, it became a public highway, and the mere non-user for a period of two years, in the absence of any proceedings to discontinue the highway, did not entitle the company to exclude the public by fencing in its right of way at that point. It is doubtful whether, in any event, the defendant could be bound except by proper proceedings discontinuing the highway, with notice to it.

The judgment must therefore be reversed, and a new trial had.

The other Justices concurred.